**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATHEW ENTERPRISE, INC., | No. 17-15060 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-03551-LHK |
| v. | |
| FCA US, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

| | |
|---|---|
| MATHEW ENTERPRISE, INC., | No. 17-17392 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-03251-LHK |
| v. | |
| FCA US, LLC, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted September 10, 2018
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Mathew Enterprise, Inc. (Enterprise) appeals from the district court's judgment dismissing its claims against FCA US, LLC (FCA) alleging violation of the Automobile Dealers' Day in Court Act (ADDCA), 15 U.S.C. §§ 1221-1225; breach of the implied covenant of good faith and fair dealing under Michigan law; and violation of California Vehicle Code § 3060. We review *de novo* dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1222 (9th Cir. 2018).

1. The district court did not err in dismissing Enterprise's ADDCA claim, as all actions were authorized by the parties' agreement, and FCA exhibited no coercive or intimidating behavior. *See Autohaus Brugger, Inc. v. Saab Motors, Inc.*, 567 F.2d 901, 910-11 (9th Cir. 1978).

Enterprise argues that FCA violated the ADDCA when FCA: (1) rejected Enterprise's proposal to relocate the dealership and (2) insisted that Enterprise either sign a new lease agreement or pay rent at the increased holdover lease rate provided in the lease. Neither supports a claim under the ADDCA.

"There is nothing in [the ADDCA] which gives a dealer the right to dictate the location of its own choosing. Likewise, there is nothing in [the ADDCA] which

2

would deprive [FCA] of making business judgment as to locations of its franchises."
*Golden Gate Acceptance Corp. v. Gen. Motors Corp.*, 597 F.2d 676, 680-81 (9th Cir. 1979) (citations and internal quotation marks omitted). Section 11(d)(ii) of the "Sales and Service Agreement Additional Terms and Provisions" provides that "[Enterprise] shall not make any change in the location of Dealership Operations . . . without the prior written approval of [FCA]." FCA subsequently used its business judgment to deny Enterprise's relocation request, and Enterprise's complaint does not allege any coercive measure taken by FCA that deviates from the express contractual terms. Therefore, Enterprise failed to allege bad faith plausibly. *See Brugger,* 567 F.2d at 910-11; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring the pleading of plausible allegations).

Paragraph 25 of the lease permitted application of the holdover lease rate absent renewal or a new agreement. Implementation of mutually, agreed-upon contractual terms does not constitute a lack of good faith. *See* 15 U.S.C. § 1221(e); *see also Golden Gate*, 597 F.2d at 680 n.8.

**2.** The district court committed no error in dismissing Enterprise's good faith and fair dealing claim. Michigan law governs the parties' agreement, and "Michigan does not recognize a cause of action for breach of the implied covenant of good faith

3

and fair dealing." *In re Leix Estate*, 797 N.W.2d 673, 683 (Mich. Ct. App. 2010) (citation omitted).

3.      Enterprise's claim under California Vehicle Code § 3060 was properly dismissed because it failed to allege any facts that FCA, under any reasonable interpretation of the statute, "terminate[d] or refuse[d] to continue" the franchise. Cal. Veh. Code § 3060.

**AFFIRMED**.